**JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelo Paul Perondi, | No. CV 06-2833-PHX-ROS-JRI |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Before the Court are Plaintiff's Motion for Certification of the Class and for Appointment of Counsel (Doc. # 20), Defendants' Response (Doc. # 22), Judge Irwin's Report and Recommendation (Doc. # 29), and Plaintiff's Objections to the R&R (Doc. # 31). Judge Irwin recommends that Plaintiff's motion for class certification and appointment of counsel be denied. After reviewing the R&R and objections thereto, the Court will accept the R&R and deny the motion.

**I.      Motion for Class Certification and Appointment of Counsel**

Plaintiff seeks certification of a class of all past, present, and future inmates at the Florence prison, who he contends have all been exposed to contaminated water (Doc. # 20 at 1). As articulated in the R&R, Rule 23 of the Federal Rules of Civil Procedure governs the certification of a class action. Plaintiff must demonstrate the four prerequisites to the certification of a class: (1) numerosity, (2) commonality, (3) typicality, and (4) adequate representation. Fed. R. Civ. P. 23(a).

1   The R&R found that the numerosity and commonality prerequisites have presumably 2 been met, and the Court has no evidence to suggest that they have not. The R&R ultimately 3 determined, however, that the typicality and adequate representation prongs have not been 4 met, precluding certification of the class.

**A. Typicality**

Specifically, the R&R found that Plaintiff offered no specific evidence that his claim was typical of others in the potential class. Plaintiff's objection to this conclusion in the R&R states that his claims are typical of other potential plaintiffs as they have all been exposed to the same tainted water and Eighth Amendment violations.

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same conduct." Dukes v. Wal-Mart, Inc., 474 F.3d 1214, 1232 (9th Cir. 2007). Accepting Plaintiff's arguments as true, other potential class members would have similar injuries based on conduct that is not unique to Plaintiff. Defendants have not responded to Plaintiff's motion and therefore have not adduced any evidence to suggest that other potential class members' claims are atypical of Plaintiff's claims. Therefore, the Court will presume that the typicality prong has been met.

**B. Adequate Representation**

The R&R also found that Plaintiff failed to meet the requirement for adequate representation because, as a pro se litigant, he cannot represent the interests of the other potential class members. Plaintiff's objection states that he will adequately represent the class. Plaintiff, however, is not an attorney. Accordingly, although Plaintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (nonlawyer had no authority to appear as an attorney for other persons in a purported class action); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the

members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Consequently, Plaintiff has not established the prerequisites to certify this case as a class action.

### C. Appointment of Counsel

Plaintiff has also not established that the appointment of counsel is necessary. The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

Plaintiff has not demonstrated the existence of exceptional circumstances such that appointment of counsel is necessary. Plaintiff has demonstrated an ability to articulate his claims and has not demonstrated a likelihood of success on the merits. Consequently, Plaintiff's motion will be denied.

**IT IS ORDERED** that Judge Irwin's Report and Recommendation (Doc. # 29) is **ACCEPTED** and Plaintiff's Motion for Certification of the Class and for Appointment of Counsel (Doc. # 20) is **DENIED**.

DATED this 25th day of April, 2007.

Roslyn O. Silver
United States District Judge